IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MAYFORD KENNETH DAVIS, JR.** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00502-P-BP |
| § | |
| **WEATHERFORD MUNICIPAL** § | |
| **COURT**, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was automatically referred to the undersigned pursuant to Special Order 3 on June 26, 2019. ECF No. 3. Before the Court are the Motion to Dismiss filed by Defendant Weatherford Municipal Court ("the Municipal Court"), ECF No. 9; the Motion to Dismiss filed by Defendants Tiffany Bagwell ("Bagwell") and Catherine Zellers ("Zellers"), ECF No. 10; the Motion to Stay filed by Bagwell and Zellers, ECF No. 12; and Plaintiff's "Public Notice" and "Motion to Demand," ECF Nos. 21 and 22. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS WITH PREJUDICE** Plaintiff's complaint, **DENY AS MOOT** the Motion to Stay, and **NOT RULE** on the "Public Notice" and "Motion to Demand."

**BACKGROUND**

Plaintiff Mayford Kenneth Davis, Jr. ("Davis") brings this action *pro se* pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights in connection with a traffic stop and arrest that occurred earlier this year in Weatherford, Texas. ECF No. 1. Davis seeks to recover damages from the Municipal Court in the amount of $5,000,000.00, $1,000,000.00 from Zellers, and $500,000.00 from Bagwell.

Although the Complaint contains forty-five pages of arguments and quotations advancing the so-called "sovereign citizen movement,"[1] the facts at issue are stated in one paragraph, as follows.

> On April 20, 2019 at approximately 6:40 a.m. the Plaintiff was exercising his liberty upon the common way when a corporate officer conducted a transportation stop where there was no evidence of an injury in fact. During the transportation stop the Plaintiff was handcuffed and taken to the Parker County Jail on the basis of an unlawful warrant for an unpaid bill of attainder issued by the Village of Hudson Oaks. No crime had been committed as the Corporate Officer did not Mirandize the Plaintiff. Since the Plaintiff was on his was [sic] to work this was a great emotional public humiliation with coworkers as well as a deprivation of his freedom. The Plaintiff was denied access to a work associate who showed up to assist the Plaintiff in making 'bail'. Instead the Plaintiff had to rely on one of the inmates' girlfriend to use my credit card to access funds to pay the bail.

*Id.* at 25.

Davis names as defendants the Municipal Court "(an incorporation)," Zellers "in her individual capacity (official capacity City Prosecutor)," and Bagwell "in her individual capacity (official capacity Court Clerk)." *Id.* at 10. He alleges fraud against the Municipal Court because it "withholds the fact that it is a nisi prius 'court' relying on the fact that most people do not know what that is and obtaining jurisdiction only by a 'pleading'." *Id.* at 18. Davis alleges that he is "immune from any and all government attacks and procedure" and that he "is independent of all laws, except those prescribed by nature and is not bound by any institutions formed by his fellow man without [his] consent." *Id.* at 19 (footnotes omitted).

Although he never states any claims against Zellers or Bagwell by name, and does not mention them again after initially identifying them as defendants, Davis asserts that the defendants "acted without constitutional authority thereby without jurisdiction under color of law," "hid the jurisdiction they were operating under … thereby acting under FRAUD," and "do not state and the

---

[1] "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir.), *cert. denied*, ___ U.S. ___, 137 S.Ct. 126 (2016).

proceedings do not show any **lawful** authority or jurisdictional facts enabling the defendants to 'lawfully' take dominion over a People of Texas" *Id.* He alleges that defendants denied him his rights under the Fifth Amendment to the United States Constitution. *Id.* at 20. He entitles his claims, "Traffic Ticket – Bill of Attainder," "Right to Travel," and "Unlawful Arrest/Detainment," but includes only quotations to cases and other argumentative statements under these headings. *Id.* at 21-25. He pleads no facts to show that any of the defendants were involved in the traffic stop and arrest described in the Complaint.

Defendants seek dismissal of Davis's claims against them under several theories. The Municipal Court asserts that it has no separate jural existence and cannot be sued. *See* ECF No. 9. Zellers and Bagwell assert that Davis has failed to allege any personal action or involvement by them that allegedly violated his constitutional rights. ECF No. 10. They claim further that absolute prosecutorial immunity bars Davis's claims against Zellers and absolute immunity bars his claims against Bagwell. *Id.* Finally, they assert that they are entitled to qualified immunity. *Id.*

The undersigned notes that on the same day that he filed the instant case, Davis filed a separate action in this Court against the City of Hudson Oaks and two additional unnamed defendants alleging similar claims and containing most, if not all, of the verbiage contained in the Complaint here. *See Davis v. City of Hudson Oaks*, No. 4:19-cv-00503-A. Senior United States District Judge John McBryde dismissed that case and entered judgment on August 14, 2019 under ECF Nos. 17 and 18.

## LEGAL STANDARDS

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of

3

the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

**B. 42 U.S.C. § 1983**

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied,* ___ U.S. ___, 134 S. Ct. 1935 (2014). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

In considering motions to dismiss section 1983 claims against public officials, the Court must not accept conclusory allegations or unwarranted deductions of fact as true because a heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Thus, the issue now before the Court "is not whether [ ] plaintiff[s] will ultimately prevail but whether [they are] entitled to offer evidence to support [their] claims." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

## ANALYSIS

**A.     Claims against the Municipal Court**

Davis's claims against the Municipal Court should be dismissed because the court is not a jural entity capable of being sued. The Court notes that the Municipal Court is a properly and lawfully constituted municipal court established pursuant to state law. *See* Tex. Gov't Code chs. 29 and 30 (West 2019). Municipal courts in Texas have jurisdiction over Class C misdemeanor criminal offenses including traffic offenses for which the penalty is a fine only. *Id.* at § 29.003(b).

A plaintiff cannot proceed against a municipal agency or department such as the Municipal Court, however, unless that agency or department is a separate legal entity. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."). *See also Bowling v. Clerk of Court, Fifth District Court of Appeals*, No. 4:18-CV-610-ALM-CAN (E.D. Tex. March 8, 2019) (clerk of the court of appeals not a jural entity); *Winegarner v. City of Coppell*, 3:05-CV-1157-L, 2006 WL 2485847, at *4 (N.D. Tex. Aug. 28, 2006), *aff'd*, 275 F. App'x 359 (5th Cir. 2008) (claims against the District Attorney's Office and Criminal Court No. 11 dismissed because they were "not separate jural entities capable of being sued."); *King v. Forest,* 915 F. Supp. 842, 844 (E.D. Tex. 1996) (district

5

attorney's office not capable of being sued under § 1983). Davis has failed to allege or show that the Municipal Court has a legal existence separate from the City of Weatherford, and consequently his claims against the Municipal Court should be dismissed.

### B. Claims against Zellers and Bagwell

Davis's claims against Zellers and Bagwell also should be dismissed. As Davis is aware from a previous case in this Court in which he sued Zellers, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] roll as an advocate for the State are entitled to the protections of absolute immunity." *Davis v. Zellers*, No. 4:15-CV-729-A, 2015 WL 12731930 at *1 (N.D. Tex. Nov. 6, 2015), *aff'd*, 688 F. App'x 247 (5th Cir. 2017) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). In the instant case, Davis has stated no facts and made no allegations against Zellers in either her official or individual capacity. Because her only possible involvement in any detention or arrest of Davis on the occasion at issue would have been in her role as municipal prosecutor, she is entitled to immunity from Davis's complaint. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (prosecutor absolutely immune from claim for malicious prosecution); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (absolute immunity applies to claim prosecutor knowingly offered perjured testimony).

Davis likewise failed to state any facts or allege any actions on the part of Bagwell in either her official capacity as a municipal court clerk or in her individual capacity that violated his rights. Her involvement with Davis here, if there was any, would have been in her capacity as a clerk of the Municipal Court. The Fifth Circuit has held that court clerks are entitled to absolute immunity for actions undertaken pursuant to court order or at a judge's discretion. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *Small v. Dallas County, Tex.*, 170 F. App'x 943 (5th Cir. 2006) (state district court clerk entitled to absolute immunity in absence of claim of actions not taken under

law or judge's discretion); *Bailey v. Johnston*, No. 5:12-cv-1765, 2012 WL 5207589, at *5 (W.D. La. Oct. 1, 2012), *adopted*, 2012 WL 5199409 (W.D. La. Oct. 22, 2012) ("court personnel—including the Clerk of Court—are entitled to absolute immunity from suit to the extent that they are acting at the judge's direction."). As Bagwell correctly notes, the Texas Government Code specifically provides that a municipal clerk is charged by law to "keep minutes of the proceedings of the court, issue process, and generally perform the duties for the municipal court that a county clerk performs for a county court." Tex. Gov't Code § 29.010 (West 2019). Davis has pleaded no facts and made no allegations against Bagwell to show that she acted or failed to act other than in her capacity as a municipal clerk. Thus, she is entitled to absolute immunity from his claims in this case.

Zellers and Bagwell argue in the alternative that even if they are not entitled to absolute immunity, they are entitled to qualified immunity from Davis's claims. "Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citations omitted). To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' [such] that every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 731 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The Court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

7

Here, Davis has failed to state any facts or allege any actions or inactions on the part of Zellers or Bagwell that violated his constitutional rights. It follows that he has not shown that they violated any right that was clearly established at the time such that any reasonable official would have known that she was violating his rights. Consequently, to the extent that Zellers or Bagwell is not entitled to absolute immunity, they are entitled to qualified immunity from Davis's claims, and Judge Pittman should dismiss the suit against them.

Davis is proceeding *pro se*, and the Court affords him latitude in his pleadings as required by *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Davis has pleaded his best, albeit frivolous, case against the defendants such that Judge Pittman should dismiss this matter with prejudice. Davis's claims against the defendants are completely devoid of detail and substance. The great bulk of his Complaint consists of lengthy recitations of case authorities and pronouncements espousing a discredited political theory. Davis's sovereign-citizen arguments that state and federal laws do not apply to him are without legal support and are patently frivolous. Courts routinely dismiss sovereign citizen claims such as those Davis makes here. *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases) ("His reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court."); *see also, e.g., Mason v. Anderson*, No. CV H-15-2952, 2016 WL 4398680 (S.D. Tex. Aug. 18, 2016).

**C.    Motion to Stay, Public Notice, and Motion to Demand**

Because Judge Pittman should dismiss Davis's claims against the defendants for the reasons previously given, he should also deny the Motion to Stay Discovery and Abatement filed by Zellers and Bagwell, ECF No. 12, as moot.

Davis's "Public Notice for: Mark Pittman, successor and assigns, d/b/a: Federal Judge," ECF No. 21, and "Motion to Demand This Court Read All Pleadings Filed With This Court And Adhere Only To Constitutionally Compliant Law and Case Law And More Particularly The Bill Of Rights In Its Rulings," ECF No. 22, do not require a response or other action of the Court. Just as Judge McBryde declined to act upon the "Public Notice" and "Motion to Demand" in Davis's suit against the City of Hudson Oaks, so should Judge Pittman decline to act upon them here. *See Davis v. City of Hudson Oaks*, No. 4:19-cv-00503-A, ECF No. 24 ("Public Notice" and "Motion to Demand" filed on September 12, 2019 "do not require a ruling.").

## CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS WITH PREJUDICE** Plaintiff's Complaint, **DENY AS MOOT** the Motion to Stay, and **NOT RULE** on the "Public Notice" and "Motion to Demand."

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

Signed December 20, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE